UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF | CASE NO. 09-10909 |
| DAMON K. BRUMFIELD, SR.<br>    DEBTOR | CHAPTER 13 |

| | |
|---|---|
| DAMON K. BRUMFIELD, SR.<br>    PLAINTIFF | ADVERSARY NO.<br>09-1172 |
| VERSUS | SECTION A |
| U.S. BANK, N.A., ET AL<br>    DEFENDANTS | |

## REASONS FOR ORDER DENYING
## MOTION FOR JUDGMENT ON THE PLEADINGS

This matter came to be considered on the Motion for Judgment on the Pleadings filed by U.S. Bank, N.A. ("Motion to Dismiss", P-24) on February 23, 2010.  The Court reset the matter after the filing of briefs on the FEMA regulations that require a federally insured institution to maintain flood insurance in a flood zone area up to the value of the amounts outstanding and the consequences of the failure of the lender to maintain or require the debtor to maintain that level of flood insurance.  Post-trial briefs were filed on or before March 15, 2010.

This Court has DENIED the Motion to Dismiss for the following reasons:

1.    The standard for granting a motion for judgment on the pleadings under Rule 12(c), incorporated in Rule 7012 of the Federal Rules of Bankruptcy Procedure, is the same as the standard for granting a motion to dismiss under Rule 12(b)(6).

2.    In facing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts the Complaint's well-pleaded facts as true and views them in the light most favorable to the plaintiff.

3.    The Motion to Dismiss can only be granted if the plaintiff cannot recover, as a matter of law, on the facts alleged.

4.    The document signed by the plaintiff at closing provides that "if you fail to purchase the required flood insurance and/or fail to seek a joint review of determination from FEMA regarding the need to purchase flood insurance coverage on the above described residence within 45 days after this notification, the lender or servicer shall purchase such flood insurance on your behalf and

charge you with the cost of premiums and fees incurred in purchasing same for you."

5.      Based on the plain reading of the Contract, the lender or servicer of this obligation committed to purchase flood coverage in the event borrower did not do so.  This "obligation" may or may not have been enforceable but plaintiff has stated a claim upon which relief can be granted.

6.      U.S. Bank, N.A. as assignee, is obligated under the Contract, including any continuing obligation regarding the acquisition of insurance.  Any amounts due on the note may be subject to offset for breach of the contract.

7.      A material fact exists as to whether the lender/defendant had an obligation to place flood insurance on the Debtor's home.  As such, this Court DENIES the Motion for Judgment on the Pleadings.


New Orleans, La., April 6, 2010.


Judge Elizabeth Magner